# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ANDREW D. ALEXANDER,

        Plaintiff,

v.                                  No. CIV 99-0361M/JHG

TRUTH OR CONSEQUENCES/
SIERRA CHAMBER OF
COMMERCE, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS CASE comes up on Defendants' Motion to Dismiss and Defendants' Motion for Attorney's Fees. Because only two of Plaintiff's claims are premised on a federal cause of action, Defendants move to dismiss the two federal claims for failure to state a claim pursuant to Fed.R.Civ.P.12(b)(6) and move to dismiss all pendent state claims for lack of subject matter jurisdiction pursuant to 12(b)(1). Defendants also move for an award of fees pursuant to 42 U.S.C. sec. 1988 on grounds that (a) Plaintiff's claims are groundless and frivolous, (b) prior to filing Plaintiff failed to conduct any reasonable inquiry which could have established the claims as not warranted in fact or in law, (c) Plaintiff was provided an opportunity to concur in Defendant's motion to dismiss and refused, and (d) the only purpose of Plaintiff's lawsuit is to harass the Defendants.

Having considered the record, the issues and Plaintiff's responses, I find and conclude that both of Defendants' motions should be denied.

## The Parties

Plaintiff is an individual presently residing in Las Cruces, New Mexico. He alleges that between February 1997 and June 1998, he was employed by Defendants as president of the Truth or Consequences Chamber of Commerce, but that in February of 1998, he was placed on leave without pay, replaced with another, and eventually wrongfully terminated from his position.

Defendants are the Chamber of Commerce in Truth or Consequence, Sierra County, New Mexico, and several individuals, both in their individual and official capacities, who are purported to be former members of the Chamber's Board of Directors. The Complaint alleges that the Chamber of Commerce and the individual Defendants defamed the Plaintiff, negligently or intentionally inflicted emotional distress upon him, breached his employment contract, recklessly and maliciously denied him his property right in continued employment and his liberty interest in his professional reputation and terminated his employment without due process. The Complaint states generally that these actions were undertaken under color of state law, but fails to provide any information describing why the acts complained of involve state action or specify-ing how the individual Defendants are state actors.

The Complaint states that the Chamber of Commerce "is a joint political subdivision of Sierra County, New Mexico and the Municipality of Truth or Consequences, New Mexico." Defendants aver only the opposite, that the Chamber of Commerce is not affiliated with any governmental entity and is a private nonprofit organization formed to promote the city and county, as well as the businesses of its membership. Defendants include the By-Laws of the Chamber of Commerce of Truth or Consequences and Sierra County to illustrate and support their position.

2

State Action

Counts I, II, III, IV, and VII of Plaintiff's Complaint are state law claims. Counts V and VI set out claims pursuant to 42 U.S.C. sec. 1983. Federal jurisdiction, of course, can be premised only on the latter. In these Counts, Plaintiff alleges willful deprivation of property and liberty interests protected by the Fourteenth Amendment to the United States Constitution without provision of due process

However stated, deliberate deprivation of constitutional rights is not enough to establish a cause of action pursuant to section 1983. Section 1983 was enacted solely to vindicate violations of federal law or constitutional deprivations committed by persons acting under the authority of state law and this "color of state law" requirement is "a jurisdictional requisite for a 1983 action." West v. Atkins, 487 U.S. 42, 49 (1988); Jojola v.Chavez, 55 F.3d 488, 491 (10th Cir.1995). "[P]rivate conduct that is not 'fairly attributable' to the State is simply not actionable under section 1983 . . . . 'however discriminatory or wrongful' the conduct is." Id.

Acting under color of state law has been defined as exercising a power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." West v. Atkins, supra. "To constitute state action, 'the deprivation must be caused by the exercise of some right or privilege created by the State . . . or by a person for whom the State is responsible,' and 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Id. "Thus, the only proper defendants in a Section 1983 claim are those who 'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1446 (10th Cir. 1995).

In order to pursue a section 1983 claim, then, the conduct which is alleged to cause the

deprivation of a federal right must be "fairly attributable to the State." Id. Some tests of state action are expressed as (1) whether there is a close nexus between the State and the challenged action so that the latter can be treated as action of the State itself, (2) whether the State has placed itself in a position of interdependence with a private party or a "symbiotic relationship" can be found between the two, (3) whether a private party has been a willful participant in a joint activity with the State, or (4) whether a private entity has exercised "powers traditionally exclusively reserved to the State." Id. "In addition, 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Id. at 1446-1447.

Plaintiff's Position

Plaintiff relies on several ties between the Chamber of Commerce and local government and proposes that joint activities establish individual Defendants as "state actors." Plaintiff points specifically to (1) the Chamber's use, management and receipt of profits from the Truth or Consequences Civic Center, "a facility owned by the City of Truth or Consequences," (2) a property management agreement between the Chamber and the city which makes the former a "fiscal agent on behalf of the City of Truth or Consequences," (3) Chamber activities which overtly benefit city and county government purposes, (4) officials of Truth or Consequences city council who serve as Chamber of Commerce Directors and who have "actively participated in the affairs of the Chamber," as well as (5) several kinds of financial subsidies from city and county government to the Chamber of Commerce. Plaintiff also cites (6) apparently frequent consultations between persons working for or with the Chamber of Commerce and local officials on many varying issues, including Plaintiff's employment, (7) an audit of the Chamber's financial records conducted and paid for by the city, (8) activities of the Chamber of Commerce under-taken to

4

further government objectives, and (9) a Chamber of Commerce meeting at which Board members expressed their desire to use the services of the city attorney in deciding what position to take on Plaintiff's continued employment. See: Depositions of Claudia Paine, Connie Wilson and Lee Foerstner and Exhibit 7, Memorandum in Response to Motion to Dismiss. Plaintiff terms this involvement "joint engagement." By it, he raises several questions regarding whether the conduct alleged in the Complaint was encouraged and assisted by governmental officials or imbued with "the imprimatur of the state" to the point that the allegedly wrongful acts must be viewed as governmental action.

Taken together and viewed in the light most favorable to Plaintiff, what Plaintiff and Defendants provide relative to the pending motion could support the contention that city officials have become significantly involved in Chamber of Commerce affairs to a point that expressly encompassed the decision to terminate Plaintiff as the Chamber's Director. Therefore, it appears a possibility, as Plaintiff argues, that Defendants' allegedly wrongful acts are so closely tied to the desires and actions of government officials as to make the city and the Chamber a single actor in fact. It is also possible from the facts and questions Plaintiff presents that city officials and the Defendants enjoyed a "symbiotic relationship" that made the actions of one the actions of the other. At a minimum, it appears the two have considered themselves interdependent.

Defendants' Position

Plaintiff points out that in their Answer Defendants rely on affirmative defenses of sovereign immunity and qualified immunity. Plaintiff argues that by these defenses, Defendants disclose their own belief that their actions are sheltered as if they were governmental acts. In reply, Defendants unequivocally deny any connection between the official acts of city government

5

and the Chamber of Commerce and claim the two are separate entities. Yet, Defendants' exhibits raise questions of fact that may support Plaintiff's position. As one example, Evenlyn Renfro states by affidavit:

> While I was City Manager, the City did not have any authority to fire, hire, or make any recommendations in regards to the Chamber's personnel and employment issues. The City did not participate in any manner in any employment actions or decisions regarding Andrew Alexander." Affidavit in Reply to Plaintiff's Response to Motion to Dismiss, p 2.

At the same time, Plaintiff's Exhibit 7 (minutes of a Chamber of Commerce meeting) states: "Evelyn Renfro came into the Chamber Office and we discussed the state of the Chamber, communica-tions and reports. I promised to copy for her all the information I had to date and get them to her today. She was concerned, supportive of the Board's position and offered her assistance toward a resolution." These same minutes also state: "Met with Evelyn Renfro again in the afternoon to take the reports I had promised and to ask if we could use the City Attorney at the request of the Board. She promised to check into that and get back to me."

Although it would be an extraordinary situation to have a Chamber of Commerce so intertwined with local government that its actions become governmental actions, a "Joint Powers Agreement," city funds provided without restriction to the Chamber of Commerce, a city audit of Chamber finances willingly permitted by the Chamber, and apparently unlimited consultations and exchanges of information between city and Chamber officials (and in some cases positions of authority with each entity held by a single individual), it is possible that the present case may constitute the highly exceptional situation; and Defendants' reliance on affirmative defenses available only to government action adds credibility to such a possibility.

6

Clearly, each case must be examined thoroughly on its separate facts. The Supreme Court has directed that questions such as presented here be addressed with flexibility. <u>Burton v. Wilmington Parking Authority</u>, 365 U.S. 715, 722 (1961); <u>Gilmore v. Salt Lake Community Action</u>, 710 F.2d 632, 635 (10th Cir.1983). "It has pragmatically examined ostensibly private activities to determine if they constitute governmental action." <u>Id</u>. Case law demonstrates problems "in distinguishing the exercise of governmental power from benign or tangential governmental involvement;" <u>Id</u>.; and requires these problems to be resolved by "sifting facts and weighing circumstances." <u>Id</u>.

## Standard for Rule 12 Motions

Granting a motion to dismiss is a "harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." <u>Cayman Exploration Corp. v. United Gas Pipe Line Co.</u>, 873 F.2d 1357, 1359 (10th Cir. 1989). Dismissal is available pursuant to Fed. R. Civ. P. 12(b) "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff. <u>Yoder v. Honeywell, Inc.</u>, 104 .3d 1215, 1224 (10th Cir. 1997) *cert. denied* 118 S.Ct. 55 (1997).

Given the interchanges between the Chamber of Commerce and the city management of Truth or Consequences, I cannot say that it is impossible under any set of facts for Plaintiff to prove his contentions. In addition, material facts are disputed. I cannot look deeper into the actions complained of or the extent and substance of a nexus between Defendants' actions and governmental ends without treating the present motion to dismiss as a motion for summary

judgment. I have not provided notice to the parties that the pending motion might be determined pursuant to Rule 56, and at least at this point, I see material facts at issue. It thus appears the case is not susceptible to a summary judgment.

## Attorney's Fees

While it ordinarily would be impossible for Plaintiff's allegations with regard to the political status of the Truth or Consequences Chamber of Commerce to bear any semblance of credibility and while the city and Chamber are most certainly separate entities by their legal structure, Defendants have placed themselves in highly questionable circumstances. Surely, the Chamber of Commerce is not "a political subdivision" of the State, as pled in the Complaint. Yet, by acts of Chamber directors and through personnel who held positions of authority and influence with both the Chamber and city government, the Chamber of Commerce and the city of Truth or Consequences may have established their decisions as single or joint determinations. At the least, the city's actions in concert with the Chamber of Commerce and the Chamber's actions undertaken with the full support and encouragement of city management are enough to raise questions of fact and preclude the present motion to dismiss, as well as attorney's fees for the filing of a clearly frivolous lawsuit.

NOW, THEREFORE, IT IS ORDERED that Defendants' motion to dismiss is denied; and

IT IS FURTHER ORDERED that Defendants' motion for attorney's fees is denied.

_____
SENIOR UNITED STATES JUDGE